FILED
United States Court of Appeals
Tenth Circuit

June 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS W. THOMPSON,

       Petitioner-Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; STEPHEN N. SIX,
Attorney General of the State of Kansas,

       Respondents-Appellees.

No. 12-3239
(D.C. No. 5:10-CV-03242-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Dennis W. Thompson seeks to appeal the district court's denial of his

28 U.S.C. § 2254 application challenging, under *Apprendi v. New Jersey*, 530 U.S.

466 (2000), the sentence he received for manufacturing methamphetamine. We grant

a certificate of appealability (COA), but we affirm the district court's denial of

habeas relief.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Kan. Stat. Ann. § 65-4159 made manufacturing methamphetamine a drug severity level 1 felony. In early 2004, the Kansas Supreme Court held that because § 65-4159 and another statute of lesser severity proscribed identical conduct, a person convicted of violating § 65-4159 could be sentenced only under the lesser penalty provision applicable to the other statute. *State v. McAdam*, 83 P.3d 161, 167 (Kan. 2004). In response to *McAdam*, effective on May 20, 2004, the Kansas legislature amended § 65-4159 so that it would again carry penalties of level 1 severity. Accordingly, violations of § 65-4159 that occurred on or after May 20, 2004, were subject to sentences much greater than would apply to violations of § 65-4159 that were committed on or before May 19, 2004.

Just six days after the amendment, on May 26, 2004, police stopped Mr. Thompson's truck for a broken headlight. A search of the truck revealed evidence of methamphetamine use and manufacture. A search of Mr. Thompson's garage that same day revealed more evidence of methamphetamine manufacture. Mr. Thompson was charged with, and eventually convicted by a jury of, manufacturing methamphetamine in violation of § 65-4159 "on or about" May 26, 2004. The trial court sentenced him to the standard sentence for a level 1 severity offense—158 months of imprisonment.

On appeal, Mr. Thompson argued that the court erred in sentencing him under severity level 1, asserting that (1) the state failed to prove that any manufacture

occurred on or after May 20, 2004, and (2) the jury was not instructed to find that the offense occurred on or after May 20, 2004.  In support of both arguments, among other authorities he cited *Apprendi*, in which the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

The Kansas Court of Appeals rejected his arguments.  *State v. Thompson*, No. 94,254, 2009 WL 764503 (Kan. App. 2009) (unpublished).  Construing the first argument as attacking the sufficiency of the evidence, the court held that the evidence was sufficient for a reasonable factfinder to conclude that Mr. Thompson manufactured methamphetamine "'on or about May 26, 2004.'"  *Id.* at *2.  The court then reviewed the second argument for clear error because Mr. Thompson had not objected to the jury instructions at trial.  *Id.*  It held:

> Given the benefit of hindsight, justice might have been better served if the phrase "or about" had been deleted under these circumstances.  Nevertheless, applying our standard of review, we are firmly convinced that the exclusion of the commonly used phrase "on or about" does not create any real possibility that the jury would have reached a different verdict.  Moreover, we are firmly convinced that any failure to use the phrase "on or after May 20, 2004" similarly does not create any such possibility for a different verdict.  Again, the clear evidence that Thompson had an "active" methamphetamine laboratory in his garage on May 26, 2004, does not leave us any room to think that there was likely any issue in the juror's minds about the date of offense.  It may seem unfair that a mere 6 days in the commission of this offense could change its severity level from a level 1 felony to a level 3 felony, but we are bound by controlling precedent, clear legislative amendment and effective date, and our limited standard of review.

- 3 -

*Id.* The court concluded that "[t]here was no clear error in sentencing Thompson for manufacturing methamphetamine, a level 1 offense on the date he committed this offense." *Id.* at *3. The court did not cite *Apprendi* with regard to either issue. The Kansas Supreme Court denied review.

In his federal habeas application, Mr. Thompson argued that sentencing him at severity level 1 violated his Sixth and Fourteenth Amendment rights, as construed by *Apprendi*, because by finding that he acted "on or about May 26, 2004," the jury never actually found that his conduct occurred on or after May 20, 2004. The district court held that Mr. Thompson failed to show that the Kansas courts' decision was contrary to or an unreasonable application of *Apprendi*, as required by 28 U.S.C. § 2254(d). The district court further stated that, "[e]ven assuming the petitioner could fashion an arguable violation of *Apprendi*, the court would find this error to be harmless" because the evidence regarding the offense date was "clear and overwhelming." R. Vol. 1 at 69. Accordingly, the district court denied relief and denied a COA.

### *Discussion*

#### COA Standards

To proceed with this appeal, Mr. Thompson must first secure a COA, *see* 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003), which "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). An applicant satisfies this

requirement by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Having reviewed the briefs, the record, and the applicable law, we conclude that the issues presented by Mr. Thompson are adequate to deserve encouragement to proceed further. Accordingly, we grant a COA on the issue of whether Mr. Thompson's Sixth and Fourteenth Amendment rights were violated when he was sentenced at drug severity level 1 after the jury convicted him of manufacturing methamphetamine "on or about" May 26, 2004. Mr. Thompson's custodian has already filed a merits brief, so we continue to the merits of the appeal.

### *Analysis*

As relevant to this proceeding, "with respect to any claim that was adjudicated on the merits in State court proceedings," a federal court may grant a writ of habeas corpus only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). "[A] state court need not cite or even be aware of our cases under § 2254(d)." *Id.* at 784. "[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). "Under § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 131 S. Ct. at 786.

Mr. Thompson argues that the Kansas Court of Appeals' decision was contrary to *Apprendi*, or in the alternative, it was an unreasonable application of *Apprendi*. We disagree.

1.      *Not Contrary to Supreme Court Precedent*

Mr. Thompson first asserts that the Kansas decision was contrary to *Apprendi* and its predecessor, *Jones v. United States*, 526 U.S. 227 (1999), because "the sentencing court engaged in independent judicial fact-finding" and "assume[d] the jury's verdict, which stated Mr. Thompson manufactured methamphetamine 'on or about' May 26, 2004, implied that Mr. Thompson manufactured methamphetamine after *May 20, 2004*." Aplt. Br. at 17. A state-court decision is contrary to clearly

- 6 -

established law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Mr. Thompson notes the state court's determinations that (1) it "was 'firmly convinced that the exclusion of the commonly used phrase "on or about" [did] not create any real possibility that the jury would have reached a different verdict,'" and (2) there was no clear error in submitting the "on or about" instruction to the jury because "'the clear evidence that Thompson had an "active" methamphetamine laboratory in his garage on May 26, 2004, does not leave us any room to think that there was likely any issue in the juror's minds about the date of offense.'" Aplt Br. at 17-18 (quoting *Thompson*, 2009 WL 764503, at *2). He treats these holdings as examples of how the state court's ruling was contrary to *Apprendi* and *Jones*. To the contrary, however, the state court's analysis was consistent with Supreme Court precedent regarding *Apprendi* error.

In *Washington v. Recuenco*, 548 U.S. 212, 218-22 (2006), the Supreme Court held that *Apprendi* error is subject to a harmless-error analysis. *Recuenco* indicates that the proper question is "whether the jury would have returned the same verdict absent the error." *Id.* at 221. The Kansas Court of Appeals addressed this very question, concluding that there was no "real possibility that the jury would have

- 7 -

reached a different verdict" had it been instructed to determine whether the offense occurred on or after May 20, 2004. *Thompson*, 2009 WL 764503, at *2. Accordingly, the state court's analysis was not contrary to *Recuenco*, but instead was consistent with it.

Further, in *United States v. Cotton*, 535 U.S. 625, 631-32 (2002), the Supreme Court determined that an unpreserved *Apprendi* error is subject to plain-error review. The *Cotton* Court then concluded that "the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings," and therefore did not require correction, because the evidence of the omitted element "was overwhelming and essentially uncontroverted." *Id.* at 632-33 (internal quotation marks omitted). Similarly, here the Kansas Court of Appeals determined that in light of the weight of the evidence, there was no clear error. Again, instead of being contrary to Supreme Court precedent, the state court's approach was consistent with it.

For these reasons, the district court correctly denied relief on § 2254(d)(1)'s "contrary to" prong.

2.      *Not an Unreasonable Application of Supreme Court Precedent*

In the alternative, Mr. Thompson contends that the Kansas decision was an unreasonable application of *Apprendi*. A state-court decision involves an unreasonable application of clearly established law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court

either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. The unreasonable-application standard "'is 'difficult to meet': To obtain habeas corpus relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington*, 131 S. Ct. at 786-87). Importantly, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410; *see also Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (reiterating this point).

As discussed above, the Kansas Court of Appeals applied principles consistent with *Recuenco* and *Cotton*. Even if that court erred in determining that the evidence was overwhelming, as Mr. Thompson contends, an incorrect application of federal law is not an unreasonable application of such law. *See Renico*, 130 S. Ct. at 1862; *Williams*, 529 U.S. at 410. Because these circumstances present ample "possibility for fairminded disagreement," the Kansas decision fails to satisfy the unreasonable-application standard. *Harrington*, 131 S. Ct. at 786 ("It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."); *see also Renico*, 130 S. Ct. at 1865 (holding that when the state

court's interpretation of trial record was subject to varying reasonable interpretations, the state court's decision was not objectively unreasonable).

Accordingly, the district court did not err in denying relief on § 2254(d)(1)'s "unreasonable application" prong.

3.    *Harmless Error*

Having concluded that Mr. Thompson is not entitled to relief under § 2254(d)(1), we need not consider the district court's alternative determination that any *Apprendi* error was harmless.

### *Conclusion*

The district court's denial of Mr. Thompson's § 2254 application is affirmed.


Entered for the Court


Stephen H. Anderson
Circuit Judge